# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHERINE A. ORCUTT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:19-cv-01920-DJA<br><br>**ORDER** |

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Catherine A. Orcutt's ("Plaintiff") applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act. The Court has reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 22) (Corrected Image ECF No. 24), filed on February 21, 2020, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 27-28), filed on April 22, 2020.

**I.     BACKGROUND**

　　**1.     Procedural History**

Plaintiff protectively applied for disability insurance benefits on February 9, 2016 and for supplemental security income on March 15, 2016, alleging an amended onset date of June 19, 2014. AR[1] 133-34, 146, 270-76. Plaintiff's claims were denied initially, and on reconsideration. AR 191-99 and 202-07. A hearing was held before an Administrative Law Judge ("ALJ") on September 19, 2018. AR 72-112. On November 2, 2018, the ALJ issued a decision denying

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 19).)

Plaintiff's claim. AR 12-30. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on August 29, 2019. AR 1-6. On October 30, 2019, Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

**2.    The ALJ Decision**

Preliminarily, the record shows a prior unfavorable decision issued by an ALJ on April 22, 2014. The ALJ noted that Plaintiff was seeking benefits under the same title of the Act as the prior claim so the presumption of continuing nondisability was applied in accordance with AR 97-4(9). Plaintiff needed to show changed circumstances to rebut the presumption of continuing nondisability. The ALJ must also apply res judicata to certain findings in the prior decision unless there is new and material evidence or a change of law. Here, the ALJ found the presumption of nondisability to be rebutted by additional medical evidence that shows Plaintiff's symptoms and limitations have changed and her age category changed. AR 16.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920.[2] AR 15-30. At step one, the ALJ found that Plaintiff was insured through September 30, 2015 and had not engaged in substantial gainful activity from the alleged onset date of June 19, 2014 through the date of the decision. *Id.* at 18. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of disorder of the cervical and thoracic spine and disorder of the right knee and a non-severe impairment of anorexia. *Id*. He rated all of the paragraph B criteria as no limitations.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 19. He specifically noted that he considered 1.02 and 1.04.

The ALJ found that Plaintiff has the residual functional capacity to perform a reduced range of sedentary work as defined in 20 CFR 404.1567(a) except that: she can never climb

---

[2] The regulations relevant to Title II and Title XVI claims are almost identical; the Court will only cite Title II regulations for the remainder of this Order.

ladders, ropes or scaffolds, only occasionally kneel and crawl, frequently climb ramps or stairs, balance, stoop, and crouch; she must avoid concentrated exposure to hazardous machinery, unprotected heights and operational control of moving machinery, she is limited to frequent but not continuous overhead reaching and use of foot controls. AR 19.  At step four, the ALJ found that Plaintiff could perform her past relevant work as an accounting clerk as generally performed only. *Id.* at 23.  Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from June 19, 2014 through the date of the decision. *Id*. at 23-24.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*  The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are

supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2.     Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform his past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his/her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If he/she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is

responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

      **a.       Whether the ALJ's Opinion Evidence Assessment Is Supported**

Plaintiff contends that the ALJ improperly weighed the treating provider opinions of Ramsey and Antflick and thus, the RFC finding is not supported by substantial evidence. (ECF No. 24, 9). She claims that the ALJ's reasoning included the following factors that are not specific enough reasons to discount the opinions: that the opinions were not supported by objective findings, Plaintiff's treatment was conservative, the state agency opinion evidence conflicted, and objective medical evidence showed normal ranges of motion. (*Id.* at 9-13). As a result, Plaintiff claims this is not a harmless error because the opined limitations would result in a finding of disabled. (*Id.* at 13-14).

The Commissioner responds that Plaintiff's challenge is limited to the opinion of Dr. Antflick and whether the ALJ's step three finding contains a harmful legal error. (ECF No. 27, 10). Further, the Commissioner notes that Plaintiff did not challenge the opinion of consultative examiner Dr. Cabaluna who assessed Plaintiff with a reduced light RFC, which the ALJ gave great weight. Similarly, the Commissioner contends that Plaintiff does not challenge the limited weight assigned by the ALJ to the opinions of the State agency medical consultants, Dr. Nickles and Dr. Arnow, who assessed Plaintiff with reduced sedentary RFCs. As such, the Commissioner contends that those three opinions constitute substantial evidence that support the ALJ's RFC finding. Additionally, the Commissioner argues that the ALJ provided specific and legitimate reasons for discounting Dr. Antflick's treating physician opinion.

The ALJ assigned Dr. Antflick's treating physician opinion, which was co-signed by Nurse Practitioner Ramsey, limited weight because it was not supported by the conservative nature and scope of Plaintiff's medical treatment, contradicted by objective findings in the record, and conflicted with the other opinion evidence. AR 22. Dr. Antflick and Ramsey opined that Plaintiff could sit, stand, and walk for less than 2 hours in a workday, never lift any object less than 10 pounds, never climb ladders and occasionally perform other postural activities, frequently

1 perform head/neck maneuvers, and occasionally use her hands/ fingers for manipulative functions
2 and reach her arms.  This opinion, if fully credited, would have resulted in a finding that Plaintiff
3 is disabled as she could not perform even sedentary work.  However, the Court is not persuaded
4 that the ALJ's limited weight assignment constitutes harmful legal error.

5 In deciding how much weight to give a medical opinion, the ALJ considers factors
6 including, e.g., the treating or examining relationship of the opinion's source and the claimant;
7 how well the opinion is supported; and how consistent the opinion is with the record as a whole.
8 See 20 C.F.R. § 404.1527(c).  In evaluating medical opinions, the ALJ must provide "clear and
9 convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of
10 an examining physician.  *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

11 Here, the ALJ gave a thorough summary of the medical evidence and objective findings in
12 the record that contradicted Dr. Antflick's and Ramsey's reduced sedentary opinion.  AR 20-22.
13 Specifically, he noted there were minimal positive findings, normal gait, normal range of motion
14 on examination, no evidence of radiculopathy, conservative treatment, and imaging records did
15 not support a more restrictive RFC than the ALJ assigned.  AR 22.  He also considered the other
16 opinion evidence form Dr. Cabaluna that assigned a less restrictive light RFC along with the
17 consultative examination findings from Dr. Cabaluna, which contradicted Dr. Antflick's and
18 Ramsey's opinion.  Although Plaintiff objects to the ALJ's characterization that she underwent
19 conservative treatment, the record supports that her pain was controlled with medication,
20 injections, and radiofrequency ablations and surgical intervention was not recommended.  AR 20.
21 This is a sufficient explanation for the Court to determine the reasons for the weight assigned.
22 *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

23 Further, the Court finds no evidence that the ALJ cherry-picked medical evidence to
24 support his rejection of Dr. Antflick's and Ramsey's opinion.  Rather, he found that Plaintiff's
25 impairments resulted in significant RFC limitations and assigned a reduced sedentary RFC.
26 Under these circumstances, the ALJ's findings are entitled to deference.  *See Lewis v. Astruethe*,
27 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational
28

interpretation, the decision of the ALJ must be upheld."). Therefore, the Court finds that the ALJ's opinion evidence assessment is supported by substantial evidence.

### b.     Whether the ALJ's Step Three Finding Is Supported

Plaintiff also argues that the ALJ erred by failing to provide any analysis of Listing 1.04A, despite substantial evidence that Plaintiff met that for her lumbar spine impairment. (ECF No. 24, 14-15). She argues that the ALJ must provide a discussion of the evidence rather than just conclude a listing is not met. (*Id*. at 15). Further, she claims this is not harmless error because she meets the impingement requirements of Listing 1.04A based on MRI imaging from September 2014 and the other requirements due to reduced range of motion, spasms, tenderness, evidence of motor loss, and some other medical findings. (*Id*. at 15).

The Commissioner responds it is unnecessary for the ALJ to expressly outline why Plaintiff failed to meet every section of Listing 1.04A. (ECF No. 27, 21). Rather, the Commissioner argues that the ALJ's evaluation of the medical evidence in detail when formulating the RFC is sufficient to support the step three finding. Indeed, the Commissioner contends that the ALJ noted Plaintiff's diagnostic studies, which includes the MRI from September 2014 that Plaintiff cites to show she has the requisite nerve root compression to satisfy the listing. The ALJ compared that MRI that showed mild impingement with the February 2016 MRI that showed no evidence or narrowing or impingement. AR 21. Further, the June 2018 MRI showed no nerve root compression and no focal compressive disc herniations. *Id*. The Commissioner also argues that Plaintiff does not meet the sensory loss requirement of Listing 1.04A and it cannot be based only on Plaintiff's subjective report and Dr. Antflick indicated she had no sensory loss.

Here, the ALJ provided a sufficient summary of the medical evidence that showed no nerve root compression for 12 months, and thus, did not support finding that Plaintiff met or equaled Listing 1.04A. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200–01 (9th Cir. 1990) (citation omitted) (an "evaluation of evidence" including summaries of information from each doctor and plaintiff's testimony was an "adequate statement"); *see also Lewis v. Apfel*, 236 F.3d 503, 513–14 (9th Cir. 2001) (finding that the ALJ "discussed and evaluated the evidence" that

claimant did not meet a listing, even though that discussion did not take place "under the heading 'Findings'").  For example, as noted above, the ALJ compared the MRIs from September 2014, February 2016, and June 2018, which did not show nerve root compression for 12 months.  AR 21.  Moreover, there is no opinion evidence that supports finding Plaintiff met or equaled Listing 1.04A.  Although Plaintiff points to some evidence in the record that supports limitations related to Listing 1.04A, the ALJ properly assessed all of the medical evidence of record and found she did not meet or equal Listing 1.04A to be disabled at step three.  The Court finds that the ALJ's step three finding is supported by substantial evidence and free from reversible legal error.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 22) is **denied.**

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 27) is **granted.**

DATED: May 12, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE